Filed
D.C. Superior Court
05/25/2019 16:52PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

SYLVIA M. GONZALEZ
1803 Biltmore Street, NW, Apt. 102
Washington, DC 20009

    Plaintiff

vs.                                                                                  2019 CA 002764 B

WASHINGTON METROPOLITAN
 AREA TRANSIT AUTHORITY
Serve: Patricia Y. Lee, General Counsel
600 Fifth Street, NW
Washington, DC 20001

    Defendant

### COMPLAINT

SYLVIA GONZALES, Plaintiff, by Ronald L. Schwartz and Maria Mena, her attorneys, sue the WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, an interstate compact agency, and allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction exists in the Superior Court of the District of Columbia, pursuant to Section 81 of the WMATA Compact, D.C. Code Ann. § 9-1107.10.

2. Venue exists in that the cause of action arose in the District of Columbia.

### PARTIES

3. The Plaintiff is a citizen of the District of Columbia

4. The Defendant is an interstate agency existing under an Act of Congress, Maryland, Virginia, and the District of Columbia, with principal place of business in the District of Columbia.

## COUNT I
### (Negligence)

5. On or about May 2, 2016, Plaintiff Sylvia M. Gonzalez was a paying customer on the "Metro" Green Line, owned and operated by Defendant WMATA, and was preparing to exit the train at the Waterfront Metro Station located at 399 M Street, SW, Washington, DC.

6. On the above date and time, an operator of a Series 7000 Green Line train, an employee of WMATA, caused or allowed the doors to close on the Plaintiff as she was exiting the train with a friend, causing her to fall off of the train and onto the station platform. As a result of the fall, the Plaintiff suffered serious and permanent injuries, requiring medical and hospital care..

7. The operator of the aforesaid train was negligent, and caused the aforementioned injuries to the Plaintiff by failing to maintain adequate control of the closing of the door so as to not injure passengers, including the Plaintiff, failed to pay proper care and attention to his duties, and otherwise breached his duty of due care, without any negligence on the part of the Plaintiff contributing thereto.

8. As a direct and proximate cause of the aforesaid negligence of the Defendant WMATA's employee, the operator of the Green Line train, the Plaintiff incurred pain and suffering, medical and hospital bills, permanent injury, loss of use and enjoyment of life as she had prior to the accident, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff claims damages against the Defendant WMATA in the amount of One Million ($1,000,000.00) Dollars, plus interest and costs.

Respectfully submitted,

/s/ Ronald L. Schwartz
Ronald L. Schwartz Bar# 372788
4907 Niagara Road, Suite 103
College Park, MD 20740
(301) 474-2300
(301) 474-6607 (Fax)
ronaldschwartz@verizon.net

Attorney for Plaintiff

```
                                                            Filed
                                                            D.C. Superior Court
                                                            05/01/2019 12:45PM
                                                            Clerk of the Court
```

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

SYLVIA M. GONZALEZ
1803 Biltmore Street, NW, Apt. 102
Washington, DC 20009

    Plaintiff

vs.                                          Civil No. 2019 CA 002764 B

WASHINGTON METROPOLITAN
 AREA TRANSIT AUTHORITY
Serve: Patricia Y. Lee, General Counsel
600 Fifth Street, NW
Washington, DC 20001

    Defendant

### AMENDED COMPLAINT

SYLVIA GONZALES, Plaintiff, by Ronald L. Schwartz and Maria Mena, her attorneys, sue the WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, an interstate compact agency, and allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction exists in the Superior Court of the District of Columbia, pursuant to Section 81 of the WMATA Compact, D.C. Code Ann. § 9-1107.10.

2. Venue exists in that the cause of action arose in the District of Columbia.

### PARTIES

3. The Plaintiff is a citizen of the District of Columbia

4. The Defendant is an interstate agency existing under an Act of Congress, Maryland, Virginia, and the District of Columbia, with principal place of business in the District of Columbia.

## COUNT I
### (Negligence)

5. On or about May 2, 2016, Plaintiff Sylvia M. Gonzalez was a paying customer on the "Metro" Green Line, owned and operated by Defendant WMATA, and was preparing to exit the train at the Waterfront Metro Station located at 399 M Street, SW, Washington, DC.

6. On the above date and time, an operator of a Series 7000 Green Line train, an employee of WMATA, caused or allowed the doors to close on the Plaintiff as she was exiting the train with a friend, causing her to fall off of the train and onto the station platform. As a result of the fall, the Plaintiff suffered serious and permanent injuries, requiring medical and hospital care..

7. The operator of the aforesaid train was negligent, and caused the aforementioned injuries to the Plaintiff by failing to maintain adequate control of the closing of the door so as to not injure passengers, including the Plaintiff, failed to pay proper care and attention to his duties, and otherwise breached his duty of due care, without any negligence on the part of the Plaintiff contributing thereto.

8. As a direct and proximate cause of the aforesaid negligence of the Defendant WMATA's employee, the operator of the Green Line train, the Plaintiff incurred pain and suffering, medical and hospital bills, permanent injury, loss of use and enjoyment of life as she had prior to the accident, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff claims damages against the Defendant WMATA in the amount of One Million ($1,000,000.00) Dollars, plus interest and costs.

Respectfully submitted,

/s/ Ronald L. Schwartz
Ronald L. Schwartz Bar# 372788
4907 Niagara Road, Suite 103
College Park, MD 20740
(301) 474-2300
(301) 474-6607 (Fax)
ronaldschwartz@verizon.net

Attorney for Plaintiff

## JURY DEMAND

Plaintiff prays and demands that the above entitled matter be tried by a jury.

/s/ Ronald L. Schwartz
Ronald L. Schwartz Bar No. 372788



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

SYLVIA M. GONZALEZ
Vs.                                                         C.A. No.     2019 CA 002764 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date:  April 29, 2019
Initial Conference: 9:30 am, Friday, July 26, 2019
Location:  Courtroom 219
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60